**SECURITY STATE BANK AND TRUST, Appellant,**

v.

**TEXAS BANK & TRUST CO. OF DALLAS, Appellee.**

**No. 4999.**

Court of Civil Appeals of Texas, Waco.

April 1, 1971.

Rehearing Denied April 29, 1971.

Travis M. Moursund, San Antonio, for appellant.

Stigall, Maxfield & Collier, John F. Maxfield, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Security State Bank & Trust from a take nothing judgment against defendant Texas Bank & Trust Company, in a suit for conversion of funds.

Plaintiff Security Bank of Fredericksburg sued defendant Texas Bank of Dallas alleging defendant was in possession of funds of plaintiff; that defendant charged the sum of $26,995.83 against funds in its hands belonging to plaintiff; that such charge was purportedly made by defendant as a result of notes signed by Wade Bazemore; that such charge was without authority of plaintiff, and constituted a conversion of funds belonging to plaintiff.

Defendant answered by general denial; and further that plaintiff was indebted to defendant at the time of the charges against plaintiff's account; and defendant exercised its right of set off against such account.

Trial was to the court, which at the conclusion of plaintiff's evidence rendered judgment plaintiff take nothing.

Plaintiff appeals on 6 points contending:

1) The trial court erred in rendering judgment for defendant because the evidence was conclusive defendant converted plaintiff's funds without any authority.

2) The trial court erred in rendering judgment for defendant because there is no evidence plaintiff ever became obligated in any way for the notes of Bazemore.

Security Bank of Fredericksburg and Texas Bank of Dallas each maintained an account with the other.

In July 1965 Arthur Stehling, President of plaintiff Security Bank introduced Wade Bazemore to the officials of Texas Bank in Dallas, and secured, and arranged a loan from defendant Texas Bank to Bazemore. At this time Security Bank had loaned Bazemore the full loan limit that they could lend him.

On July 26, 1965 Stehling at the Security Bank in Fredericksburg, made out a note for $15,000. payable to Texas Bank, had Bazemore sign the note; paid Bazemore $15,000., charged Texas Bank's account with Security Bank with $15,000., and mail-

ed the note with the following letter to Texas Bank:

"SECURITY STATE BANK AND TRUST
Fredericksburg, Texas

Arthur Stehling
    President

                            July 26, 1965

Mr. Oscar Lindemann
President
Texas Bank and Trust
Dallas, Texas

Dear Oscar:

I am sending you the note of Wade E. Bazemore for $15,000.00 and charging your account accordingly.

You will recall that I discussed this note with you. There may be an additional note of $5,000.00 or $10,000.00. Mr. Bazemore is presently arranging permanent financing of his Tourist Center and has received a commitment which is being processed now. Prior to the maturity of this $15,000.00 note and the other note for $5,000.00 or $10,000.00, we will be in a position to, and will, lend Mr. Bazemore the money necessary to pay these notes.

                Sincerely yours,

                /s/ Arthur Stehling
                Arthur Stehling".

The additional sum of $10,000. was evidenced by a note signed by Bazemore at Fredericksburg payable to Texas Bank. The $10,000. was paid to Bazemore by Security Bank, which charged Texas Bank's account with such sum, and on August 6, 1965, mailed the Texas Bank the note with the following letter:

"SECURITY STATE BANK AND TRUST
Fredericksburg, Texas

Arthur Stehling
    President

                            August 6, 1965

Mr. Oscar C. Lindemann
President
Texas Bank and Trust
Dallas, Texas

Dear Oscar:

I am sending you the other $10,000.00 note of Wade E. Bazemore, which I referred to in my letter of July 26th.

We are charging your account with the proceeds of this note.

                Sincerely yours,
                Arthur Stehling".

The above notes were not paid by Bazemore when due, and were renewed by Texas Bank at Security Bank's request.

The renewal notes were not paid by Bazemore, and Texas Bank by letter requested Security Bank to "take up these two notes as previously agreed to by you". Security Bank did not do so.

On May 23, 1967 Texas Bank assigned the two notes to Security Bank; mailed them to Security Bank; and charged Security Bank's account with $26,995.83, the amount due on such notes.

Thereafter as noted, Security Bank sued Texas Bank alleging conversion of plaintiff's funds; and Texas Bank by answer asserted Security Bank was indebted to it, and it merely exercised its right of set off against Security Bank's account.

█ A bank has the right to appropriate a general deposit to or toward the liquidation of a debt due by the depositor to it. The right of a bank to apply a deposit to an indebtedness due from a depositor results from the right of set off that obtains between persons occupying the relationship of debtor and creditor. First Nat. Bank of Schulenberg v. Winkler, 139 Tex. 131, 161 S.W.2d 1053; Western Shoe Co. v. Amarillo Nat. Bank, 127 Tex. 369, 94 S.W.2d 125; 8 Tex.Jur. Sec. 228, p. 409.

The question here is whether Security Bank was indebted to Texas Bank. This hinges we think on the letter Security Bank wrote to Texas Bank on July 26, 1955. Such letter states Security is forwarding the first note and has charged Texas Bank's account; that there may be an additional note for $10,000; that Bazemore is arranging for permanent financing and has a commitment; and, *"Prior to the maturity of this $15,000. and the other note for * * * $10,000., we will be in a position to and will, lend Mr. Bazemore the money necessary to pay these notes * * *"*.

President Stehling of Security Bank testified he wanted Texas Bank to loan Bazemore the money and assumed they would be relying on his letter.

These notes matured and were not paid, and were renewed by Texas Bank at Security Bank's request. The renewal notes matured and were not paid. Security Bank did not lend Bazemore the money to pay these notes. We think the promise contained in the July 26 letter, above unconditional and unequivocal that Security Bank "will be in a position to and will lend Mr. Bazemore the money necessary to pay these notes". We think when Security did not perform its promise, the relationship of debtor and creditor was created, between Security and Texas.

Debt will lie on any obligation for a sum certain or readily reduceable to certainty regardless of its form or nature. 26 C.J. S. Debt, Action of § 2, p. 21; and a debtor is "one who by reason of an existing obligation is, or may become liable to pay money to another, whether such liability is certain or contingent." 26 C.J.S. p. 34.

Security asserts its promise was to lend Bazemore the money necessary to pay the notes, and not pay them itself. Nevertheless Security did not lend Bazemore the money, and Texas Bank was under the facts the third party beneficiary of this promise, and was damaged by Security's breach of its promise; and we think the debtor-creditor relationship existed.

Plaintiff's points and contentions are overruled. The judgment is correct.

Affirmed.

WILSON, J., not participating.